IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KRISTOPHER TROTTER,** | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:19-CV-01327-L-BT |
| v. | § | |
| | § | ECF |
| **CITY OF DALLAS, TEXAS,** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant City of Dallas ("the City") and files this Reply in Support of its Motion to Dismiss Plaintiff's First Amended Complaint, respectfully showing the Court the following:

## SUMMARY OF ARGUMENT

As detailed in the City's Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion"), Plaintiff Kristopher Trotter's First Amended Complaint (the "Complaint") is wholly deficient, and Plaintiff's Opposition to Defendant City of Dallas's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support (the "Response") is likewise thoroughly flawed. Specifically, the Response contains arguments that are both unsupported and unsupportable, and completely ignores various arguments and legal authorities discussed in the Motion. Additionally, Plaintiff's requests for discovery and a further opportunity to amend, which are contained in his Response, are both procedurally and substantively defective. The Court should therefore grant the City's Motion and dismiss this lawsuit with prejudice.

## ARGUMENTS & AUTHORITIES

**I.    Plaintiff's Complaint fails to plead a plausible claim for relief against the City under 42 U.S.C. § 1983.**

Dismissal of this case is warranted because Plaintiff has failed to plead a basis for imposing municipal liability under 42 U.S.C. § 1983.[1] To state a claim for municipal liability, a plaintiff must allege "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving

---

[1] Plaintiff also appeared to assert claims for intentional infliction of emotional distress, attempted constructive discharge, and a violation of due process based on his reassignment from patrol duty to the property room. (*See* Pl.'s Compl., doc. 20, at 8, 12, 17, ¶¶ 16, 23, 33.) However, Plaintiff confirmed in his Response that he is not currently asserting any such claims in this lawsuit. (*See* Pl.'s Resp., doc. 25, at 8.) Accordingly, only Plaintiff's First Amendment claims remain at issue.

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - Page 1**

force is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (internal quotation marks omitted); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). While official policy "is ordinarily contained in duly promulgated policy statements, ordinances, or regulations," it "may also be evidenced by custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001).

### A. Plaintiff failed to sufficiently plead the existence of an official policy that gives rise to liability under § 1983.

In response to the City's argument that Plaintiff failed to sufficiently plead the existence of an official policy or custom, Plaintiff points to the City's allegedly "unconstitutional social media policy found in the Dallas Police Department's ("DPD") General Orders and Code of Conduct."[2] (*See* Pl.'s Resp., doc. 25, at 2.)  But Plaintiff misconstrues the City's argument.  The City does not dispute that Plaintiff is challenging the "social media policy" in DPD's General Orders and Code of Conduct.  Rather, the City's argument is that Plaintiff has failed to plead an official policy on which to base a claim for municipal liability because Plaintiff affirmatively pled that those rules were promulgated by the City's chief of police, who is not a policymaker as a matter of law.  (*See* Def.'s Mot., doc. 23, at 8-10.)  Plaintiff nevertheless contends that the Court should not dismiss his claims because: (1) "the final policymaker is not required to be named in a lawsuit"; (2) the "social media policy" at issue is "ultimately attributed" to the City Council; and (3) the chief of police was delegated policymaking authority.  (*See* Pl.'s Resp., doc. 25, at 3-4, 7.)  Each of those arguments lack merit.

---

[2] In both of its motions to dismiss, the City argued that Plaintiff failed to sufficiently plead any unconstitutional custom on which to base a § 1983 claim.  (*See* Def.'s Mot. to Dismiss, doc. 12, at 1, 10; Def.'s Mot., doc. 23, at 10-12.)  Plaintiff did not address this argument in his Response, thereby conceding this point.  *See Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991) (stating that "[a] party who inadequately briefs an issue is considered to have abandoned the claim"); *Howard v. Maxum Indem. Co.*, No. 3:16-CV-2487-G, 2017 WL 292424, at *3 (N.D. Tex. Jan. 23, 2017) (holding that plaintiff conceded issue by failing to address argument in response to motion to dismiss).

As a threshold issue, Plaintiff's argument that he was not required to name a specific municipal policymaker is unavailing because he chose to identify a policymaker—the chief of police—in his live pleading.  (*See* Pl.'s Compl., doc. 20, at 10-11, ¶ 20 (stating that DPD's "official social media policy is promulgated and overseen by the [c]hief of [p]olice of the Dallas Police Department").)  But this Court has repeatedly determined that no one within the hierarchy of DPD, including the chief of police, is a final City policymaker for purposes of § 1983. (*See* Def.'s Mot., doc. 23, at 8–10.)  Having affirmatively pled the identity of the purported policymaker, Plaintiff cannot now escape the consequences of his defective allegations.

Regardless of whether Plaintiff was required to plead the specific identity of the policymaker, he *was* required to plead facts that show that the Dallas City Council, the final policymaker for the City of Dallas, promulgated or ratified[3] the "social media policy" at issue.  *See Groden v. City of Dallas*, 826 F.3d. 280, 284-86 (5th Cir. 2016).  Plaintiff has not satisfied, and cannot satisfy, this pleading requirement.

In his Response, Plaintiff appears to accept the City's assertion that "[t]he City Council … retains sole authority to enact the ordinances that govern the police department," but maintains that DPD's "social media policy" is "ultimately attributed to the Defendant."  (*See* Pl.'s Resp., doc. 25, at 3 (quoting Def.'s Mot., doc. 23, at 9).)  Plaintiff's logic is fatally flawed for two reasons.  First, the "social media policy" at issue is not an ordinance, but rather a set of

---

[3]  The City raised the issue of ratification in the previous round of dismissal briefing as well, yet Plaintiff's latest pleading is devoid of any allegations that the Dallas City Council ratified DPD's "social media policy."  (*See* Def.'s Reply, doc. 15, at 3; *see generally* Pl.'s Compl., doc. 20.)  Indeed, the first time Plaintiff ever discusses ratification is in his Response to the pending Motion, wherein he summarily declares that the "social media policy" was "promulgated or ratified by the policymaker (Defendant)."  (Pl.'s Resp., doc. 25, at 2, 7.)  Because these new ratification allegations do not appear in the Complaint, they are not properly before the Court.  *See Leal v. McHugh*, 731 F.3d 405, 407 n.2 (5th Cir. 2013) (refusing to consider facts asserted in appellants' brief but not in their First Amended Complaint); *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) (stating that "the court considers … only the allegations in the complaint" when deciding a 12(b)(6) motion); *Wilson v. Deutsche Bank Trust Co. Americas*, No. 3:18-CV-0854-D, 2019 WL 2578625, at *4 (N.D. Tex. June 24, 2019) (stating that "the court does not consider additional facts that are alleged in a response brief but not in the complaint" when ruling on a motion to dismiss).

rules contained in DPD's General Orders and Code of Conduct. (*See* Pl.'s Compl., doc. 20, at 14-15, ¶¶ 29-30; Pl.'s Resp., doc. 25, at 2.) Second, Plaintiff's argument conflicts with well-settled case law. The thrust of Plaintiff's argument is that the actions of the chief of police are attributable to City Council because the chief's decisions are subject to review by the city manager, who, in turn, is subject to the City Council's supervision. (*See* Def.'s Mot., doc. 23, at 8-9 (analyzing Dallas City Charter); Pl.'s Resp., doc. 25, at 3.) But the same can be said of numerous City employees, as the city manager is charged with the duty "[t]o exercise over all departments and subdivisions of departments created by the Charter…." *See* DALLAS, TEX., CHARTER ch. VI, § 2(4). The natural extension of Plaintiff's argument is that all City employees in departments created by the Dallas City Charter have the ability to create City "policy" which would then be attributable to City Council for purposes of § 1983. However, "[l]iability must rest on official policy, meaning the governmental entity's policy, and not the policy of an individual official." *Williams v. City of Irving*, No. 3:15-CV-1701-L, 2018 WL 4145052, at *5 (N.D. Tex. Aug. 30, 2018); *see Piotrowski*, 237 F.3d at 578 (stating that "[i]t is well-settled that a municipality cannot be liable under a theory of *respondeat superior*" and that "[i]solated unconstitutional actions by municipal employees will almost never trigger liability"). Thus, Plaintiff's attribution argument does not save his claims from dismissal.

Nor does Plaintiff's argument that City Council delegated policymaking authority to the chief of police fare any better. In both the Complaint and his Response, Plaintiff acknowledges that the chief of police promulgated the "social media policy" at issue, but attempts to save his First Amendment claims from dismissal by asserting that the City Council delegated policymaking authority to her. (*See* Pl.'s Compl., doc. 20, at 10-11, ¶ 20; Pl.'s Resp., doc. 25, at 4.) Plaintiff attempts to support this argument by citing *Schneider v. City of Atlanta*, 628 F.2d

915, 920 (5th Cir. 1980), wherein the Fifth Circuit stated, "[I]n those areas in which [the Director of the Bureau of Corrections of Atlanta], alone, is the final authority or ultimate repository of (city) power[,] his official conduct and decisions must necessarily be considered those of one whose edicts or acts may fairly be said to represent official policy for which the (city) may be held responsible under § 1983." (Pl.'s Resp., doc. 25, at 4.)  Plaintiff's reliance on *Schneider* is misplaced, as Fifth Circuit later overruled *Schneider* and other cases "which would permit policy or custom to be attributed to the city itself by attribution to any and all city officers endowed with final or supervisory power or authority." *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984).  Plaintiff's delegation argument also fails because it ignores *Curtis v. Arapaho Venture Ltd.*, No. 3:03-CV-2099-H, 2004 WL 2248236, at *3 (N.D. Tex. Oct. 5, 2004), which the City previously cited for the proposition that "the Dallas City Charter establishes that the Dallas City Council retains final authority for promulgating all police regulations and does not delegate policymaking authority to the [c]hief of [p]olice." (*See* Def.'s Mot., doc. 23, at 9-10.)  Ultimately, neither the Complaint nor Plaintiff's Response points to any non-conclusory factual allegations that would allow a reasonable inference that the City Council had formally delegated its policymaking authority to the chief of police. (*See* Def.'s Mot., doc. 23, at 10.)

Because the "social media policy" at issue does not constitute an "official policy," Plaintiff has not pled a basis for imposing municipal liability under § 1983, and the City is entitled to dismissal of Plaintiff's claims in this lawsuit.

> **B.    Plaintiff failed to plead sufficient facts to permit a rational inference of a policymaker's deliberate indifference.**

The Court should also dismiss Plaintiff's claims because the Complaint is devoid of any factual allegations that the Dallas City Council was "deliberately indifferent" to a known or obvious risk that DPD purportedly violated officers' First Amendment rights with the "social

media policy" at issue. (*See* Def.'s Mot., doc. 23, at 12-13.) As discussed in the Motion, Plaintiff has failed to plead *any* facts that permit a reasonable inference that the Dallas City Council subjectively knew, or should have known, that DPD had purportedly violated officers' First Amendment rights, much less facts that reasonably support an inference that the Dallas City Council drew the necessary inferences and then acted in a manner indicating that it subjectively intended for harm to occur. (*See id.*) In response, Plaintiff states only that "the [C]omplaint clearly shows that Defendant was deliberately indifferent to a known and obvious risk that the City's policies would result in a deprivation of rights," and proceeds to argue the merits of his First Amendment claims. (*See* Pl.'s Resp., doc. 25, at 4-7.) But "naked assertion[s] devoid of further factual enhancement" do not satisfy Plaintiff's pleading requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, dismissal of Plaintiff's claims is warranted on this basis as well.

II.   **Plaintiff's Complaint fails to plead the existence of any constitutional infirmity that invalidates DPD's Code of Conduct 4.7 and General Order 214.04.**

Additionally, Plaintiff's constitutional attacks on DPD's Code of Conduct 4.7 and General Order 214.04 fail because they consist of mere legal conclusions. (*See* Def.'s Mot., doc. 23, at 13-14.) As the City discussed in its Motion, Plaintiff simply cites Code of Conduct 4.7 and portions of General Order 214.04 and summarily declares, without any explanation or factual basis, that the quoted provisions, which contain multiple subparts, are unconstitutionally vague and overbroad, chill protected speech, impose unconstitutional content-based restrictions on expression, and operate as prior restraints on the dissemination of protected speech. (*See id.* (citing Compl. at 14-17, ¶¶ 28-34).) Plaintiff's Response focuses solely on the components of the "social media policy" that "negatively affect[s] the public perception of the Department," "would bring discredit to themselves or the Dallas Police Department or City of Dallas," and

"causes disrepute to the Department" (collectively, the "perception components"). (*See* Pl.'s Resp., doc. 25, at 5.) Thus, as an initial matter, Plaintiff has abandoned his constitutional attacks on all other components of Code of Conduct 4.7 and General Order 214.04. *See Friou*, 948 F.2d at 974; *Howard*, 2017 WL 292424, at *3. Furthermore, Plaintiff's Response merely echoes the same legal conclusions contained in the Complaint, thereby demonstrating that Plaintiff is either unable or unwilling to provide any factual allegations to support his constitutional attacks on the perception components of DPD's "social media policy." (*See* Pl.'s Resp., doc. 25, at 4-7.) Plaintiff's constitutional attacks on DPD's Code of Conduct 4.7 and General Order 214.04 therefore fail as a matter of law and should be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Styles v. Walmart Sam's Club*, No. 3:18-CV-00444-M (BT), 2019 WL 4017641, at *2 (N.D. Tex. July 30, 2019), *report and recommendation adopted*, 2019 WL 4015212 (N.D. Tex. Aug. 26, 2019) ("[e]ven for *pro se* parties, however, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss'"); *Starrett v. City of Richardson*, No. 3:18-CV-0191-L, 2018 WL 4627133, at *5 (N.D. Tex. July 27, 2018), *report and recommendation adopted*, 2018 WL 3802038, at *1 (N.D. Tex. Aug. 10, 2018), aff'd, 766 F. App'x 108 (5th Cir. 2019) ("*Starrett Appeal*"), cert. denied, 140 S. Ct. 122 (2019) (same).

### III.     The Court should deny Plaintiff's requests for discovery and leave to amend.

Despite the pervasive pleading defects in both the Complaint and its predecessor, which has prompted two full rounds of dismissal briefing, Plaintiff seeks at least two more opportunities to amend his pleadings. First, Plaintiff requests leave to file a Second Amended Complaint in the event that the Court finds his live pleading to be deficient. (*See* Pl.'s Resp., doc. 25, at 9.) Second, Plaintiff states that he expects to join additional parties, in their

individual and/or official capacities, once he has conducted discovery. (*See id*. at 8.) Third, Plaintiff asserts that his unpled claims for intentional infliction of emotional distress, attempted constructive discharge, and purported due process violations "are not suitable for dismissal with prejudice" until he has the opportunity to conduct discovery. (*See id*. at 8.) For the reasons discussed below, the Court should deny Plaintiff's requests for discovery and leave to amend.

### A.  Plaintiff is not entitled to discovery.

Without describing the additional information he intends to seek in discovery or why that information was not available to him previously, Plaintiff implicitly requests that the Court allow him to conduct discovery in this lawsuit. (*See id*.) But, for the reasons previously detailed in the City's Motion, no amount of discovery can provide Plaintiff with a viable cause of action for intentional infliction of emotional distress, attempted constructive discharge, or a due process violation related to his reassignment. (*See* Def.'s Mot., doc. 23, at 14-15.) Furthermore, Plaintiff should not be allowed to use this lawsuit against the City as a means to investigate potential claims against other individuals. *See Flagg v. Stryker Corp*., 647 F. App'x 314, 318 (5th Cir. 2016) ("*Twombly* and *Iqbal* were designed to avoid subjecting defendants to lengthy and expensive discovery when the plaintiff is merely on a fishing expedition."). Significantly, "before proceeding to discovery, a plaintiff must plead enough facts to state a plausible claim for relief," which Plaintiff has failed to do. *See Hernandez v. City of Grand Prairie*, No. 3:16-CV-2432-L, 2018 WL 1836206, at *6 (N.D. Tex. Apr. 18, 2018); *see also Iqbal*, 556 U.S. at 678-79 (stating that Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

### B.  Plaintiff is not entitled to another opportunity to amend.

"A party is not entitled to remedy a pleading deficiency simply by seeking leave to

amend in response to a motion to dismiss." *Jean v. City of Dallas, Texas*, No. 3:18-CV-2862-M, 2019 WL 7195308, at *10 n.10 (N.D. Tex. Aug. 12, 2019), *report and recommendation adopted*, No. 3:18-CV-2862-M, 2019 WL 7187104 (N.D. Tex. Dec. 23, 2019), *appeal docketed*, No. 19-11387 (5th Cir. Jan. 6, 2020). Where, as here, "a party opposes a motion to dismiss on its merits while also asking for leave to amend should dismissal be deemed proper, the party may not avoid the implications of his choices." *See id.*; *see also Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (holding that a plaintiff who simply "declare[d] the adequacy of [her] complaint" in response to a motion to dismiss was not entitled to an opportunity to amend). Plaintiff's failure to comply with Local Rule 15.1, which requires him to file a motion along with the proposed amended pleading, serves as an additional basis for denying his request for leave to amend. *See, e.g.*, *Jean*, 2019 WL 7195308, at *10 n.10; *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005) (accepting recommendation); *see also Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (stating that "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

Furthermore, it is appropriate to dismiss an action with prejudice without giving a plaintiff the opportunity to amend when he has alleged his best case. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). As the Fifth Circuit explained in *Jacquez v. R.K. Procunier*:

> [P]laintiffs cannot be allowed to continue to amend or supplement their pleading until they stumble upon a formula that carries them over the threshold. Such a protracted process is likely to disrupt public officials from their duties.... At some point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause has not been established, the court should finally dismiss the suit.

801 F.2d 789, 792 (5th Cir. 1986). A plaintiff has pleaded his best case after he is "apprised of the insufficiency" of her complaint. *See Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017). A plaintiff may indicate that he has not pleaded her

best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court. *See id*. When deciding a motion to amend, the district court may also consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, repeated failures to cure pleading deficiencies, and futility of the amendment. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (internal quotation marks omitted).

Here, Plaintiff's pleadings have been the subject of two rounds of dismissal briefing. Despite having notice of his pleadings' deficiencies and previously receiving an opportunity to amend his complaint, Plaintiff has been either unwilling or unable to cure the defects. Plaintiff has already alleged his best case, and his claims fail as a matter of law for the reasons detailed in the City's Motion and this Reply. Moreover, where, as here, a plaintiff fails to state the material facts that he would include in an amended complaint to overcome pleading deficiencies, it is proper to deny the request for leave to amend. *See, e.g.*, *Starrett Appeal*, 766 F. App'x at 112; *Wiggins*, 710 F. App'x at 628. Based on the foregoing, allowing Plaintiff to further amend his pleadings would only serve to unnecessarily delay the resolution of this litigation. *See Pillow v. US Bank Nat'l Ass'n*, No. 3:17-CV-1952-L, 2019 WL 3206154, at *1 (N.D. Tex. July 16, 2019).

## CONCLUSION

WHEREFORE, the City respectfully requests that the Court grant the City's Motion, deny Plaintiff's requests for discovery and leave to amend, and dismiss this lawsuit with prejudice pursuant to Rule 12(b)(6). The City additionally requests all other and further relief as the Court deems just and equitable.

                                                Respectfully submitted,

                                                CITY ATTORNEY OF THE CITY OF DALLAS

                                                Christopher J. Caso
                                                Interim City Attorney

                                                /s/ Jennifer A. Brissette
                                                Jennifer A. Brissette
                                                Senior Assistant City Attorney
                                                Texas State Bar No. 24045553
                                                jennifer.brissette@dallascityhall.com

                                                Jennifer Carter Huggard
                                                Executive Assistant City Attorney
                                                Texas State Bar No. 00792998
                                                jennifer.huggard@dallascityhall.com

                                                City Hall
                                                1500 Marilla Street, Suite 7DN
                                                Dallas, Texas 75201
                                                Telephone: 214-670-3519
                                                Telecopier: 214-670-0622


## CERTIFICATE OF SERVICE

      I hereby certify that on February 7, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Kristopher K. Trotter
P.O. Box 136845
Fort Worth, Texas 76136
*Pro Se Plaintiff*


                                                /s/ Jennifer A. Brissette
                                                Jennifer A. Brissette